Filed 2/28/22  P. v. Albarran CA4/1
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>MARCOS ANTONIO ALBARRAN,<br><br>     Defendant and Appellant. | D077893<br><br><br><br>(Super. Ct. No. INF060734) |

APPEAL from an order of the Superior Court of Riverside County, John D. Molloy, Judge.  Reversed and remanded.

Patricia A. Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Raglan, Acting Assistant Attorney General, Eric A. Swenson, and Heather M. Clark, Deputy Attorneys General, for Plaintiff and Respondent.

In 2013, a jury convicted Marcos Antonio Albarran of first degree murder (Pen. Code,[1] § 187, subd. (a)) and attempted murder (§§ 664 & 187, subd. (a)), among other offenses. Albarran appealed and this court reversed the judgment in an unpublished opinion. (*People v. Albarran* (July 6, 2015, D067418) [nonpub. opn.].)[2] The case was remanded to the superior court.

On remand, Albarran entered into a plea agreement under which he pleaded guilty to one count of voluntary manslaughter for the benefit of a street gang. (§§ 192 & 186.22, subd. (b).) He also admitted three counts of attempted murder. (§§ 187 & 664.) Albarran was sentenced to a determinate term of 16 years in prison.

In June 2020, Albarran filed a pro. per. petition for resentencing under section 1170.95. Although he was not convicted of murder, he contended he was still entitled to resentencing. The trial court denied the petition, finding Albarran's convictions for manslaughter and attempted murder did not qualify him for relief under section 1170.95.

Albarran filed a timely notice of appeal.

In June 2021, this court issued an unpublished opinion affirming the trial court's order denying Albarran's petition for resentencing. (*People v. Albarran* (June 9, 2021, D077893) [nonpub. opn.].)

We held that persons convicted of voluntary manslaughter were not eligible for resentencing under section 1170.95.

While this case has been pending, the Legislature enacted Senate Bill No. 775 (Stats. 2021, ch. 551) (Senate Bill 775) which amended

---

[1]     All further statutory references are to the Penal Code.

[2]     Respondent's request for judicial notice is granted.

2

section 1170.95 to make clear that convictions for manslaughter and attempted murder could be eligible for resentencing under that section.

In August 2021, our Supreme Court granted review in this case (S269781), and in December 2021, it remanded the case with directions to reconsider the case in light of Senate Bill 775's amendments to section 1170.95.

We requested and received supplemental briefing from the parties. Albarran argues the case must be remanded to the trial court. The Attorney General agrees and concedes that on this record the trial court should be directed to issue an order to show cause (OSC) and to conduct an evidentiary hearing as required by section 1170.95, subdivision (d)(3). We agree with the parties and will remand the matter to the trial court with directions.

## DISCUSSION

Senate Bill 775 and its amendments to section 1170.95 became effective January 1, 2022. Albarran's appeal from the denial of the resentencing petition was not final by that date; thus, Albarran can take the benefit of the new legislation. (*People v. Vieira* (2005) 35 Cal.4th 264, 306; *People v. Garcia* (2018) 28 Cal.App.5th 961, 973.)

This appeal is from a conviction based on a plea agreement. There was not a trial as part of the record of conviction. As the Attorney General concedes, there is no record of conviction that establishes, as a matter of law, that Albarran is not eligible for relief under the resentencing statute as it has now been amended. Accordingly, we will direct the court on remand to issue an OSC and conduct an evidentiary hearing. We express no opinion as to how the petition should be resolved.

## DISPOSITION

The order denying Albarran's petition for resentencing under section 1170.95 is reversed. The case is remanded to the superior court with directions to issue an OSC and to conduct an evidentiary hearing as required by section 1170.95.

HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


O'ROURKE, J.